**In re Bruce W. HAUPT, Respondent.**

**No. 01–BG–731.**

District of Columbia Court of Appeals.

Argued April 11, 2002.
Decided June 6, 2002.

John O. Iweanoge, Washington, DC, for petitioner. Steven G. Polin filed a brief for petitioner.

Ross T. Dicker, Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief, for respondent, the Office of Bar Counsel.

Before STEADMAN and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Petitioner was admitted to the Maryland and District of Columbia Bars in 1973. Thereafter, he was the subject of several disciplinary proceedings [1] until ultimately, in 1982, this court disbarred petitioner from the practice of law. *In re Haupt,* 444 A.2d 317 (D.C.1982) (per curiam) (*Haupt IV* ).

On December 23, 1998 petitioner filed his sixth petition for reinstatement.[2] After an extensive hearing, a unanimous Hearing Committee in a twenty-nine page report rejected the petition on the grounds that petitioner had failed to prove by clear and convincing evidence that he satisfied the five criteria for reinstatement outlined in *In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985). The Hearing Committee Report was incorporated and unanimously adopted by the Board on Professional Responsibility.[3] Petitioner noted before us his exception to the Board's recommendation that his petition for reinstatement be denied.

"Although the ultimate decision on whether an attorney is reinstated is ours alone, the Board's findings or recommendations in this regard are entitled to great weight." *In re Borders,* 665 A.2d 1381

---

1. *See Montgomery County Bar Ass'n, Inc. v. Haupt,* 277 Md. 326, 353 A.2d 629 (1976) (per curiam) (*Haupt I* ); *Atty Grievance Comm'n of Md. v. Haupt,* 285 Md. 39, 399 A.2d 1350 (1979) (per curiam) (*Haupt II* ); *In re Haupt,* 422 A.2d 768 (D.C.1980) (per curiam) (*Haupt III* ).

2. The Board denied petitioner's first petition for failure of proof. Four subsequent petitions were denied without a hearing for fail-

ure to allege facts sufficient to warrant reinstatement.

3. In "reinstatement matters, the Board should defer to the Hearing Committee's findings of fact where supported by substantial evidence on the record as a whole." *In re Roxborough,* 775 A.2d 1063, 1076 (2001) (citations omitted).

(D.C.1995) (citations omitted). Petitioner before us essentially reprises the arguments made to and rejected by the Hearing Committee and the Board. The Hearing Committee held an extensive hearing in which petitioner and others testified.[4] The Board quite rightly characterized the Committee's report as doing "a thorough and careful job of analyzing the evidence before it." Each of the *Roundtree* factors was discussed at length. Among other matters, the Committee, as did the Board, noted petitioner's refusal to reimburse the Client Security Fund for payments made to wronged clients, questionable conduct relating to certain recent legal proceedings in which he or a member of his family was involved, and general downplaying of culpability for the conduct for which he was sanctioned. We see no basis not to accept the recommendation that the instant request of petitioner for reinstatement be denied.

*So ordered.*

---

4. Given the fact that the Hearing Committee had the opportunity to observe the respondent while considering the plausibility of his testimony, its determinations are afforded "great weight." *In re Borders*, 665 A.2d 1381, 1381–82 (D.C.1995).